# Patrick J. Joyce Esq.

Attorney at Law
70 Lafayette Street - 2nd Floor
New York, New York 10013
(212) 285-2299
FAX (212) 513-1989

New Jersey Office:
658 Ridgewood Road
Maplewood, NJ 07079
(973) 324-2711

September 17, 2025

Honorable Victor Marrero
United States District Court Judge
Southern District of New York
500 Pearl Street t
New York, New York 10013

**Re:** <u>United States v. David Matos,</u> 25 Cr 197 (VM)

Dear Judge Marrero,

I am the attorney for David Matos, the defendant in the above-referenced matter. Mr. Matos will be sentenced before Your Honor on September 26, 2025. This letter is respectfully submitted, pursuant to Rule 32 of the Federal Rules of Criminal Procedure, in an attempt to advise the Court of several matters that will aid the Court in determining the proper sentence. At the conclusion of the sentencing hearing, I will request that the Court sentence Mr. Matos to a term of incarceration of 60 months. This request, which is consistent with the recommendation made by the Department of Probation, would serve to impose a

sufficient sentence, but one not greater than necessary in consideration of the legislature's goals of proportionality, deterrence, incapacitation, and rehabilitation.

**Background**

Mr. Matos was arrested and detained on March 15, 2024. At that time, Mr. Matos had been living with his drug supplier, Nathaniel Golden for approximately one month. Mr. Matos was addicted to methamphetamine. To feed this addiction, Mr. Matos agreed to accept packages of narcotics at the apartment and he also made a few deliveries on behalf of Mr. Golden. His compensation for this activity was free drugs and a couch to live on. Mr. Matos has related all this information to the Government and the Government believes Mr. Matos played a minor role in this Conspiracy. ( See, PSI page 26, paragraph 2)

**The Presentence Report**

Probation calculated the adjusted guideline offense level to be 26. The defendant was placed in Criminal History category III. Probation's guideline calculation yields a suggested range of 78 to 97 months of imprisonment. The defendant does not object to this calculation. It is noteworthy, that Mr. Matos' entire criminal history has been fueled by and is directly linked to his addiction. ( PSI page 8, Trespass was for the purpose of stealing alcohol and DUI is obviously alcohol related).

<u>The Guideline Calculation and Attendant Sentence Range is Not Binding on this Court</u>

As the Court is fully aware, the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005) overturned the mandatory nature of the Guidelines and replaced them with a mandatory statute, 18 USC § 3553. The factors outlined in §3553(a) require that a sentence be not greater than necessary to satisfy the need for just punishment, respect for the law, deterrence, prevention of further crimes, treatment and training. In light of these factors the defendant respectfully suggests that the minimum sentence under the law satisfies these requirements even though the sentence is below Probation's suggested Guideline level. Section 3553(a) is referred to in Booker and much post-Booker case law as containing various "factors" – one of which is the guidelines – that must now be considered in determining a sentence. This is a misleading oversimplification. Section 3553(a) is comprised of two distinct parts: the so-called "sentencing mandate" contained in the prefatory clause of Section 3553(a) and the "factors" to be considered in fulfilling that mandate. The sentencing mandate contains a limiting principle favorable to defendants and is the overriding principle that limits the sentence a court may impose. The overriding principle and basic mandate of Section 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in Section 3553(a)

(2). The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." The Parsimony Provision is not just another "factor" to be considered along with the others set forth in Section 3553(a) (discussed below) – it sets an independent limit on the sentence a court may impose. See *United States v. Denardi,* 892 F.2d 269, 276-77 (3rd Cir. 1989) Since § 3553(a) requires a sentence to be no greater than necessary to meet the purposes of sentencing, imposition of sentence greater than necessary to meet those purposes is reversible, even if within the suggested guideline range. Id. It should be noted at the outset that the Guidelines are flawed in their construction by the fact that the Guideline range is constructed almost solely of aggravating factors. The only mitigating factors are acceptance of responsibility points and role in the offense. Mitigating factors are not part of the Guideline range and the policy statements attached to the Guidelines highly discourage the use of mitigating factors as a basis for departure. Thus, since the Supreme Court's decision in *Booker* the case law is clear that although a Guideline calculation is a necessary beginning point of any sentence consideration, it should not be the final arbiter of what a reasonable and just sentence should be. The case law has also made it clear that a Court can deviate from the Guidelines if it feels that they require a sentence that is greater than necessary to satisfy the factors of § 3553. The Supreme Court has urged each sentencing Court to consider all mitigating factors and to reject policy statements

of the Guidelines that restrict the use of mitigating factors. See, *United States v. Rita,* 551 U.S. 338 (2007) and *United States v. Gall,* 552 U.S. at 50 n.6, 58-60 (2007). *Gall* at 59 n.11 requires that a sentencing Court consider all "kinds of sentences available" under § 3553 even if the Guidelines only recommend a prison sentence. In fact Courts are now invited to consider arguments that the applicable guidelines fail properly to reflect §3553(a) considerations, reflect an unsound judgment, do not treat defendant characteristics in the proper way, or that a different sentence is appropriate regardless of the Guidelines. *Rita,* 127 S. Ct. at 2465. Courts "may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines," *Kimbrough,* 128 S. Ct. at 570 (internal quotation marks omitted), and when they do, the courts of appeals may not "grant greater fact-finding leeway to [the Commission] than to [the] district judge." *Rita,* 127 S. Ct. at 2463.

In *Kimbrough v. U.S.,* 128 S.Ct.558 (2007), the court affirmed a District Court's decision to deviate from the Guideline's 100-1 "cocaine base" ratio in sentencing a defendant. In *Gall v. United States* 128 S. Ct. 586 (2007) the Court ruled that a District Court's non-guideline sentence did not involve an abuse of discretion and therefore could not be invalidated by Appellate Review. The common thread running through these cases is that a District Court is bound only by the factors contained in 18 USC § 3553. In admonishing the appellate court in

Gall, the Court stated, "But it is not for the Court of Appeals to decide de novo whether the justification for a variance is sufficient or the sentence reasonable. On abuse of discretion review, the Court of Appeals should have given due deference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *United States v. Gall*, supra at *12.

## 18 USC 3553 FACTORS

In determining the sentence minimally sufficient to comply with Section 3553(a), the court must consider several factors contained therein. Some of these factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" (4 -5) "the range established by the guidelines and any pertinent policy statements (6) the need to avoid unwarranted sentencing disparity. 18 U.S.C. § 3553(a) (1), (2), (4), (5) (7).

### History of the Defendant

Mr. Matos early life involved several levels of trauma. (PSI paragraphs 51-53) As teenager, he began exhibiting behavioral challenges, which led to him being sent to live with his father. This move proved to be deeply challenging.

Around the age of 13, Mr. Matos began using drugs and alcohol as an escape ( PSI pages 13-14) His abuse of substances at an early age put him in the position he is

in today. At the time of the instant offense, Mr. Matos was under the influence of drugs, contributing to the impaired judgment that led to this offense.

The entire scope of his involvement in this Conspiracy spans approximately 4 weeks. For 4 weeks of this drug induced activity, Mr. Matos faces a mandatory minimum sentence of 60 months. Acknowledging legal precedent and being mindful of the sentencing statute's mandate, it is respectfully asserted that 60 months is the appropriate sentence in this case.

<u>Avoiding Unwarranted Disparity</u>

The court is specifically instructed by the sentencing statute to avoid unwarranted disparity in meting out punishment. In this conspiracy, Mr. Matos was a minor participant. Both the Government and Probation agree that the co-defendant, Nathaniel Golden was far more culpable than Mr. Matos. Mr. Golden was sentenced to a term of incarceration of 65 months. A sentence of more than 60 months for Mr. Matos, would ignore that portion of the statute which requires proportionality in sentencing.

## CONCLUSION

When considered under these parameters the defendant respectfully submits that the requested sentence of 60 months meets the requirements of the sentencing statute. It cannot be said that Mr. Matos has not been punished for his acts. The object of this letter is to give this Court some insight into how and why he finds

himself before your Honor awaiting the pronouncement of sentence and what sentence given the varied sentencing options the Court has at its disposal best accomplishes the goals of a Sentencing Court. It is the defendant's position that after considering all of the relevant factors of his situation, the requested sentence of 60 is reasonable. This sentence would meet the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," as stated in *Kimbrough v. United States,* 128 S.Ct 558, 571, 169 L.Ed 481 (2007). It is the defendant's position that a Guideline sentence would be inappropriate in this case. As previously stated, "no chart of numbers will ever fully contemplate, quantify and cipher the endless variations of the human experience. While it might provide a normalizing force in sentencing, we cannot, with a system of points and categories, reduce justice to a universal formula." *United States v. Coughlin,* No.6 Cr. 20005, 2008 WL 313099 (W.D. Ark Feb.1, 2008).

Respectfully submitted,

Patrick Joyce